UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN BESS | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No.4:11-CV-0802-JCH |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Kevin Bess's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Correct"), filed pursuant to 28 U.S.C. § 2255. The matter has been fully briefed and is ready for disposition.

On December 9, 2009, Bess was indicted for possessing with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Movant's Reply to Government's Response, ("Reply Brief"), at 1). Bess pleaded guilty to that count on February 4, 2010, and the court accepted his plea. (Plea Hearing Transcript, ("Pl. Hrng. Tr."), at 13-14). The sentencing court imposed the 120-month statutory minimum on May 5, 2010. (ECF No. 21). On April 2, 2011, Bess, who is currently incarcerated in Littleton, CO, filed this Motion to Correct. (ECF No. 1). The Motion to Correct included three separate claims for relief. (Memorandum in Support of Motion, ("Support Brief"), at 2, 8, 12). The Government filed its response on August 15, 2011. (ECF No. 7).[1] On October 6, 2011, Bess filed a reply to the Government's response, which included a concession of one claim and an addition of another. (Reply Brief at 9-10). Also

---

[1] The Government filed a response, (ECF No.6), and then an amended response. (ECF No. 7). All references to the Government's response are references to the amended version.

on October 6, 2011, Bess filed for leave to amend his § 2255 motion in accordance with the content of his Reply Brief. (ECF No. 11). The Court granted the requested leave. (ECF No. 13).

In his Motion to Correct and in the amendments contained in his Reply Brief, Bess raises three separate grounds for relief. First, Bess argues that the "100-to-1" sentencing ratio under the 1986 Anti-Drug Abuse Act was unconstitutional.[2] (Support Brief at 2; Reply Brief at 4). Bess next argues that he received ineffective assistance of counsel at the sentencing stage because his attorney failed to argue that the 100-to-1 ratio was unconstitutional. (Support Brief at 12; Reply Brief at 5-6). Bess argues finally that he received ineffective assistance of counsel at the sentencing stage because his attorney failed to argue for a sentence below the 10-year statutory minimum required by the 1986 Anti-Drug Abuse Act. (Reply Brief at 9-10). Based on these claims, Bess requests that his sentence be lowered to 60 months instead of the 120-month statutory minimum he received. (Reply Brief at 11).

## DISCUSSION

Under § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to

---

[2] Under the 1986 Anti-Drug Abuse Act, a 10-year minimum sentence was attached to possessing with intent to distribute 50 grams of cocaine base, whereas the same 10-year minimum was triggered by possessing with intent to distribute 5,000 grams of cocaine powder. *Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012). The disparity was reduced in the 2010 Fair Sentencing Act. *Id.* at 2329.

relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

## I. Constitutionality of 100-to-1 Ratio

Bess claims first that he is entitled to a reduced sentence because the 100-to-1 sentencing ratio under the 1986 Anti-Drug Abuse Act was unconstitutional. (Support Brief at 2; Reply Brief at 4). The Government responds that this claim is not properly before the Court because, in his Plea Agreement, Bess waived his right to raise it on collateral review. (Government's Response Brief at 5); *see also DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). The Government responds further that Bess may not raise this claim on collateral review because Bess procedurally defaulted the claim by failing to raise it on direct appeal. (Government's Response Brief at 5-6); *see also Jennings v. United States*, 696 F.3d 759, 762-63 (8th Cir. 2012). Bess argues that neither waiver nor procedural default bars consideration of his claim.

Bess argues first that his "plea agreement does not bar this claim because he pleaded guilty to an offense under 21 U.S.C. § 841(b)(1)(A) (possession of 127.47 grams of crack cocaine carrying a mandatory minimum of 'not . . . less than years' [*sic*]), which is a nonexistent offense. The existing offense is under § 841(b)(1)(B) (carrying a mandatory minimum of 'not . . . less than 5 years' for '28 grams or more' but less than 280 grams of cocaine base)." (Reply Brief at 4-5). Bess seems to be arguing that because the penalty attached to it has been reduced in accordance with the 2010 Fair Sentencing Act, *Dorsey v. United States*, 132 S. Ct. 2321, 2329

(2012), the crime to which he pleaded guilty did not exist at the time of his plea and could therefore not have served as the basis for a valid plea. *Id.* at 5.[3]

This argument is without merit. The offense Bess pleaded guilty to is described in the Plea Agreement as possession "with the intent to distribute over 50 grams of a mixture or substance which contained a detectable amount of cocaine base, crack." (Plea Agreement at 8). The general action involved, possession with the intent to distribute a controlled substance, was at the time of his plea and is still an offense included in 21 U.S.C. § 841(a)(1). (Plea Agreement at 8). That statute makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" The term "controlled substance" was and is defined in 21 U.S.C. § 812, and cocaine was and is included in that definition. 21 U.S.C. § 812, Schedule II(a)(4). This § 812 definition encompassed and encompasses cocaine base. *See, e.g.*, *Sanders v. United States*, 237 F.3d 184 (2d Cir. 2001).

The portion of Bess's offense that has changed is the penalty that would have attached had Bess been sentenced after the 2010 Fair Sentencing Act went into effect. *Dorsey*, 132 S. Ct. at 2335; 21 U.S.C. § 841(b)(1)(A)(iii). At the time of Bess's guilty plea, the amount of cocaine base that triggered a 10-year minimum sentence was 50 grams. *Dorsey*, 132 S. Ct. at 2327. Because of the 2010 Fair Sentencing Act, the same penalty is now triggered by 280 grams of cocaine base. *Id.* at 2329. But this change has no impact on whether the offense to which Bess pleaded guilty existed at the time of his plea. Indeed, even after the changes made under the 2010 Fair Sentencing Act, possession with intent to distribute more than 50 grams of cocaine base would be an offense to which one could plead guilty. It may be unlikely that a plea agreement

---

[3] Bess also argues that the waiver was not knowing and voluntary "because he did not know that his offense does not subject him to a 10-year mandatory minimum sentence [*sic*]." (Reply Brief at 5). This claim is flatly contradicted by the record. The Plea Agreement states explicitly what the minimum sentence would be for Bess's crime. (Plea Agreement at 8). The sentencing court also explained to Bess what the low end of his sentencing range would be. (Plea Colloquy Transcript at 7).

would use "50 grams," since that amount no longer triggers a minimum sentence. Nevertheless, the exact language used in Bess's Plea Agreement remains an offense. That fact cannot be changed simply because the offense would carry a five-year rather than a 10-year minimum sentence.

In short, Bess pleaded guilty to an existing offense. The partial waiver of his collateral review rights, which bars his claim that the 100-to-1 ratio was unconstitutional, is therefore valid.

Bess's next argument is that he did not procedurally default his first claim because he has proven actual innocence by demonstrating that he pleaded guilty to a crime that does not exist. (Reply Brief at 6). This argument fails for the reason Bess's waiver argument fails: Bess validly pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base. (Plea Agreement at 8). Because Bess has presented no new factual evidence to call his guilt on this count into question, he cannot make use of the actual innocence "gateway" to argue the merits of his claim. *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995).

*II. Ineffective Assistance of Counsel*

Bess next makes two ineffective assistance of counsel claims. (Support Brief at 12; Reply Brief at 5-6, 9-10). Both of these claims are cognizable on collateral review. (Plea Agreement at 3); *Massaro v. United States*, 538 U.S. 500, 504 (2003).

In order to prevail on an ineffective assistance of counsel claim, a claimant must show that his attorney's performance was "deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial [or other proceeding at which the defendant was entitled to effective counsel] cannot be relied on as having produced a just result." *Id.* at 686.

Demonstration of the performance prong is not an easy task because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

And even if a claimant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 691. To demonstrate sufficient prejudice, the claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

### A. Failure to Argue Unconstitutionality of 100-to-1 Ratio

Bess first claims his defense counsel was ineffective for failing to raise the argument that the "100-to-1" sentencing disparity between cocaine powder and cocaine base under the 1986 Anti-Drug Abuse Act was unconstitutional. (Support Brief at 12). The crux of his claim is that the 2010 Fair Sentencing Act, which reduced the severity of the sentencing disparity, evidences a likelihood that this unconstitutionality argument would have been successful. (Support Brief at 5-8). Bess argues that he was therefore prejudiced by his attorney's failure to raise this argument. (Support Brief at 12).

The Court finds Bess's first argument unpersuasive. As the Government correctly notes, "[t]he Eighth Circuit has repeatedly upheld the constitutionality of the crack cocaine range of punishment and the 100-to-1 ratio." (Government's Response Brief at 6 (citing *United States v.*

*Lewis*, 90 F.3d 302 (8th Cir. 1996); *United States v. Clary*, 34 F.3d 709 (8th Cir. 1994)).[4] At the time of Bess's sentencing, then, there was established Eighth Circuit law on the question of whether the 100-to-1 ratio was constitutional.

It would undoubtedly be acceptable, and perhaps even desirable, for an attorney to challenge an established law if the attorney has an adequate reason to believe the law could be overturned. But an attorney does not act outside of the wide range of acceptably competent assistance by failing to do so. *Hamberg v. United States*, 675 F.3d 1170, 1173 (8th Cir. 2012) ("it cannot be considered professionally unreasonable for counsel to fail to object to the correct application of settled law within our circuit"). Bess's attorney therefore cannot be deemed to have been ineffective for failing to argue that the 100-to-1 ratio was unconstitutional.

### B. Failure to Argue for Below-Minimum Sentence

Bess next claims that his defense counsel was ineffective for failing to argue, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007) and *Spears v. United States*, 555 U.S. 261 (2009), that the sentencing court had the discretion to impose a sentence below the 10-year minimum required by the 1986 Anti-Drug Abuse Act. The *Kimbrough* court held that the portion of the United States Sentencing Guidelines ("Sentencing Guidelines") related to sentencing ranges for cocaine base and cocaine powder are, in accordance with *United States v. Booker*, 543 U.S. 220 (2005), merely advisory. In other words, a court faced with sentencing a defendant who is guilty of a crime involving cocaine base may depart from the ratio recommended in the Sentencing Guidelines. *Id*. at 110. The purpose of *Spears* was to clarify *Kimbrough*'s holding by recognizing "district courts' authority to vary from the crack cocaine Guidelines based on *policy*

---

[4] Bess effectively concedes that the Eighth Circuit has upheld the 100-to-1 ratio but makes the argument that the Eight Circuit was incorrect in *Clary* to overturn the district court's determination that the ratio was unconstitutional. (Support Brief at 3).

disagreement with them, and not simply based on an individualized determination that they yield and excessive sentence in a particular case." *Spears*, 555 U.S. at 264 (emphasis in original).

But the holdings in *Kimbrough* and *Spears* could have provided no relief to Bess at sentencing. Bess received the statutory 10-year minimum set forth in the 1986 Anti-Drug Abuse Act. *Kimbrough* and *Spears* state only that sentencing courts have the discretion to depart from ranges set out in the Sentencing Guidelines. Both cases make plain that sentencing courts are still obligated to adhere to statutory minimums. *Kimbrough*, 552 U.S. at 105 (explaining that after *Booker* sentencing courts are not required "to adhere to the 100-to-1 ratio for crack cocaine quantities other than those that trigger the statutory minimum sentences"); *Spears*, 555 U.S. at 266-67 (noting with approval the sentencing court's determination "that a [statutory] mandatory minimum sentence was required"). Bess therefore was not prejudiced by his attorney's failure to argue that Bess could have been given a lower sentence under *Kimbrough* and *Spears*, and Bess's attorney did not act unreasonably by failing to make such an argument.

Accordingly,

**IT IS HEREBY ORDERED** that movant Kevin Bess's Motion to Vacate, Set Aside, or Correct Judgment pursuant to 28 U.S.C.§ 2255 is **DENIED** and **DISMISSED WITH PREJUDICE.** A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Movant Kevin Bess cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Dated this  17th    Day of February, 2014

                                                /s/ Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE